UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Terry Jewell Jenkins, | ) | |
| | ) | C/A No. 6:25-cv-8396-TMC-WSB |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Taylor Hudson, Mitchell Dowden, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the Court on Taylor Hudson ("Hudson") and Mitchell Dowden's ("Dowden") (collectively "Defendants") Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 29. Plaintiff, proceeding *pro se*, filed this action under 42 U.S.C. § 1983. ECF No. 1. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), this United States Magistrate Judge is authorized to review all pretrial matters in cases filed under § 1983 and submit findings and recommendations to the district court.

## BACKGROUND

In the Complaint, Plaintiff alleges that on January 19, 2025, police officers had control of his eight-year-old American Labrador Retriever, "turned [his] dog loose after they turned the[i]r police dog lo[o]se," and shot his dog in front of him, his wife, and his friends. ECF No. 1 at 4-6.

Plaintiff attached to the Complaint three police reports from officers James Rowland ("Rowland"), Dowden, and Hudson. ECF No. 1-1 at 1-3. In these reports, the officers documented the following. Officers received a tip about Plaintiff, a wanted subject, residing at a particular property. *Id.* at 1-2. The individual who provided the tip advised that he owned the property and

1

wanted Plaintiff to leave because Plaintiff was dangerous and causing issues. *Id.* at 1. The individual who provided the tip also noted that Plaintiff had an active warrant with Transylvania County. *Id.* at 1-2. Officers confirmed that Plaintiff had active warrants for felony flee and elude and felony possession of methamphetamine. *Id.* Rowland, Dowden, and Hudson, among other officers, responded and subsequently arrived at the property in question. *Id.* At some point, Hudson advised the other officers that there was a dog on the property. *Id.* at 1. Shortly thereafter, Dowden grabbed the dog by the collar. *Id.* at 1-3. An individual, later identified as Sonia Reynolds ("Reynolds"), exited a building on the property and asked about the dog. *Id.* at 2. Hudson advised Reynolds to secure the dog. *Id.* at 3. Dowden attempted to give the dog to Reynolds, but the dog got away from Reynolds and attempted to bite Hudson's K-9 partner from behind. *Id.* at 1-2. Hudson documented that the dog was running, appeared very aggressive, had its heckles up, and was showing its teeth and growling when it got close. *Id.* at 3. The dog ran behind Hudson, and Hudson kicked the dog. *Id.* Dowden attempted to grab the dog by the collar again, but it began running in circles around the K-9. *Id.* at 2. Hudson saw the dog attempting to attack the K-9 and then shot the dog to prevent harm to the K-9. *Id.* at 1-3. During these events, Plaintiff ran into nearby woods, where he was subsequently discovered by the officers and taken into custody. *Id.*

Plaintiff filed the Complaint against Defendants on July 25, 2025, asserting a claim under § 1983 based on the shooting of his dog. ECF No. 1. Defendants filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) on November 24, 2025. ECF No. 29. On November 25, 2025, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the Court advised Plaintiff of the motion to dismiss and motion for summary judgment procedures and the possible consequences if he failed to respond adequately. ECF No. 30. Plaintiff filed a Response on December 22, 2025. ECF No. 33. This matter is ripe for review.

## APPLICABLE LAW AND ANALYSIS

**Standard of Review**

"The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint." *Williams v. Preiss-Wal Pat III, LLC*, 17 F.Supp.3d 528, 531 (D.S.C. 2014) (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999)).  Rule 8(a) sets forth a liberal pleading standard, which requires only a "short and plain statement of the claim showing the pleader is entitled to relief, in order to give the defendant fair notice of what ... the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation and internal quotation marks omitted).  "In assessing the sufficiency of a complaint, [the court] assume[s] as true all its well-pleaded facts and draw[s] all reasonable inferences in favor of the plaintiff." *Nanni v. Aberdeen Marketplace, Inc.*, 878 F.3d 447, 452 (4th Cir. 2017) (citing *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009)).  "[T]he facts alleged 'must be enough to raise a right to relief above the speculative level' and must provide 'enough facts to state a claim to relief that is plausible on its face.'" *Robinson v. Am. Honda Motor Co., Inc.*, 551 F.3d 218, 222 (4th Cir. 2009) (quoting *Twombly*, 550 U.S. at 555, 570).  "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

**Liberal Construction of *Pro Se* Complaint**

Plaintiff brought this action *pro se*, which requires the Court to liberally construe his pleadings.  *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).  *Pro se* pleadings are held to a less stringent standard than those drafted by

attorneys. *Haines*, 404 U.S. at 520. The mandated liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999). A court may not construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993), nor should a court "conjure up questions never squarely presented," *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

**Section 1983**

Section 1983 provides a private cause of action for constitutional violations by persons acting under color of state law. Section 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). Accordingly, a civil action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). To establish a claim under § 1983, a plaintiff must prove two elements: (1) that the defendant "deprived [the plaintiff] of a right secured by the Constitution and laws of the United States" and (2) that the defendant "deprived [the plaintiff] of this constitutional right under color of [State] statute, ordinance, regulation, custom, or usage." *Mentavlos v. Anderson*, 249 F.3d 301, 310 (4th Cir. 2001) (citation and internal quotation marks omitted).

**Fourth Amendment**

Defendants argue that Plaintiff's Complaint should be dismissed because "[n]owhere in the Complaint is there any claim or suggestion of a claim that is constitutional in nature. Such a claim is necessary to invoke the jurisdiction of the Court." ECF No. 29-1 at 1. However, Plaintiff has brought a claim against police officers pursuant to § 1983 based on the shooting of his dog. *See*

ECF No. 1.  Claims brought pursuant to § 1983 are constitutional in nature, over which this Court has original jurisdiction.  *See* 28 U.S.C. § 1331; *Mentavlos*, 249 F.3d at 310.  Moreover, liberally construing the Complaint, Plaintiff's allegations reflect that he is bringing a claim for violation of his Fourth Amendment rights.  The United States Court of Appeals for the Fourth Circuit has held that privately owned dogs are "effects" subject to the protections of the Fourth Amendment and that the killing of a dog by a police officer constitutes a seizure of the dog owner's property.  *Altman v. City of High Point*, 330 F.3d 194, 200-05 (4th Cir. 2003); *see* U.S. Const. amend. IV. ("The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated...").  Liberally construing Plaintiff's *pro se* Complaint, the Court finds that Plaintiff has brought a claim implicating the Constitution.

Without further explanation, Defendants also attach to their Motion an Order from the Honorable Timothy M. Cain, Chief United States District Judge, in *Tyner v. Greenville County, et al.*, C/A No. 6:17-cv-3065-TMC (D.S.C. June 18, 2019), and assert that "[t]he treatment of that case by Judge Cain is respectfully recommended by the Defendants as appropriate in the present case."  ECF Nos. 29-1 at 1; 29-2.  However, the *Tyner* order is unpersuasive at this stage of the litigation.  In *Tyner*, the plaintiff brought Fourth Amendment claims pursuant to § 1983, as well as various state law claims, against certain police officers, Greenville County, and the Greenville County Sheriff's Department based on officers searching his property and shooting his dog.  The defendants filed a motion for summary judgment, and Judge Cain held, in relevant part, that the seizure of the plaintiff's dog was reasonable under the Fourth Amendment.  In making this decision, Judge Cain balanced the nature and quality of the intrusion on the plaintiff's Fourth Amendment interests against the countervailing governmental interests at stake and underwent a

detailed factual analysis regarding the relevant factors for determining whether the seizure was reasonable.

Unlike *Tyner*, this matter is at the motion to dismiss stage, and the Court does not have the benefit of discovery and must accept factual allegation in the Complaint as true.  It is unclear from Defendants' Motion to Dismiss exactly what they are seeking based on *Tyner*, and it is not the Court's role to craft arguments on their behalf.  *See S.C. CVS Pharmacy, L.L.C. v. SCP 2001A-CSF-75 LLC*, C/A No. 2:24-cv-00525-JDA-SVH, 2026 WL 608328, at *3 (D.S.C. Mar. 4, 2026) (citing *In re Crop Prot. Prods. Loyalty Prog. Antitrust Litig.*, 779 F.Supp.3d 624, 657 (M.D.N.C. 2025) ("[I]t is the defendant's burden on a Rule 12(b)(6) motion to marshal the relevant legal authorities to persuade the court that the plaintiff has failed to state a claim."); Charles Alan Wright & Arthur R. Miller, 5A Federal Practice and Procedure § 1357 (4th ed.) ("Ultimately, the burden is on the moving party to prove that no legally cognizable claim for relief exists."); *Clayton v. Nationwide Mut. Ins.*, 260 F.Supp.3d 514, 521 (D.S.C. 2017) ("As a general rule, parties may not outsource their legal research to the court or otherwise foist upon it the necessary legwork to flesh out a legal claim or defense ....")).

By citing *Tyner*, Defendants appear to be arguing that they acted reasonably by shooting Plaintiff's dog.  However, a determination regarding the reasonableness of Defendants' actions, based on the facts and circumstances of this case, is proper at the summary judgment stage or trial. *See Altman*, 330 F.3d at 205-07 (relying on the facts and circumstances to determine at the summary judgment stage that officers shooting dogs was reasonable under the Fourth Amendment); *Tyner*, C/A No. 6:17-cv-3065-TMC (same); *see also Twombly*, 550 U.S. at 555 (noting that Rule 8(a) sets forth a liberal pleading standard, which requires only a "short and plain statement of the claim showing the pleader is entitled to relief, in order to give the defendant fair

notice of what ... the claim is and the grounds upon which it rests.") (citation and internal quotation marks omitted); Fed. R. Civ. P. 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.").  The undersigned finds that Plaintiff has stated a claim sufficient to survive Defendants' Motion to Dismiss.

## CONCLUSION AND RECOMMENDATION

Based on the foregoing, the undersigned **RECOMMENDS** that the district court **DENY** Defendants' Motion to Dismiss.  ECF No. 29.

**IT IS SO RECOMMENDED.**

s/William S. Brown
United States Magistrate Judge

March 27, 2026
Greenville, South Carolina

*The attention of the parties is directed to the important notice on the following page.*

7

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
250 East North Street, Suite 2300
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).