**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**GREENVILLE DIVISION**

| | | |
|---|---|---|
| Terry Jewell Jenkins, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 6:25-cv-08396-TMC |
| v. | ) | |
| | ) | **ORDER** |
| Taylor Hudson, Mitchell Dowden, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

*Pro se* Plaintiff Terry Jewell Jenkins brought this action under 42 U.S.C. § 1983 against Defendants, both of whom are deputies in the Greenville County Sheriff's Office, based on the shooting of Plaintiff's dog. (ECF No. 1). In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2) (D.S.C.), the action was automatically referred to a United States Magistrate Judge for all pretrial proceedings. Defendants subsequently filed motion to dismiss (ECF No. 29). Defendants submitted a one-page memorandum in support, arguing that the complaint does not contain "any claim or suggestion of a claim that is constitutional in nature." (ECF No. 29-1). Defendants attached an order issued by the undersigned granting summary judgment in a separate case involving a police shooting of a pet dog, suggesting the court reach the same result in this case. (ECF No. 29-2); *see Tyner v. Greenville Cnty. et al.*, C/A No. 6:17-cv-03065-TMC, at dkt. # 40 (D.S.C. Jun. 18, 2019). Plaintiff filed a response in opposition (ECF No. 33).

Now before the court is the magistrate judge's Report and Recommendation ("Report"), (ECF No. 35), recommending that the court deny Defendants' motion to dismiss on the grounds that Plaintiff's complaint, liberally construed, has brought a claim implicating his Fourth

Amendment rights, *id.* at 5 (explaining that "privately owned dogs are 'effects' subject to the protections of the Fourth Amendment and that the killing of a dog by a police officer constitutes a seizure of the dog owner's property").

The Report was entered on March 27, 2026. The parties were advised of the right to file specific objections to the Report within 14 days of service. (ECF No. 35 at 8). Defendants are represented by counsel, and, therefore, such counsel was served with the Report via the electronic filing system on the date it was entered. Accordingly, Defendants' objections were due no later than April 10, 2026. This deadline was noted on the public docket at ECF No. 35. That deadline has now passed, and no objections to the Report have been filed. With respect to the *Tyner* order, the magistrate judge found it unpersuasive: "Unlike *Tyner*, this matter is at the motion to dismiss stage, and the Court does not have the benefit of discovery and must accept factual allegation in the Complaint as true. . . . By citing *Tyner*, Defendants appear to be arguing that they acted reasonably by shooting Plaintiff's dog. However, a determination regarding the reasonableness of Defendants' actions, based on the facts and circumstances of this case, is proper at the summary judgment stage or trial." *Id*. at 6.

The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). Nevertheless, "[t]he district court is only required to review *de novo* those portions of the report to which specific objections have been made, and need not conduct *de novo* review 'when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations.'" *Farmer v. McBride*, 177 Fed. App'x 327, 330–31 (4th Cir. April 26, 2006) (quoting *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th

Cir. 1982)); *see also Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023) (noting "an objecting party 'must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection'" and "'an objection stating only "I object" preserves no issue for review'" (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007); *Lockert v. Faulkner*, 843 F.2d 1015, 1019 (7th Cir. 1988))). Thus, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 Advisory Committee's note). The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Greenspan v. Bros. Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal the district court's judgment based upon that recommendation. *See Elijah*, 66 F.4th at 460 (quoting *Lockert*, 843 F.2d at 1019); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017).

Having reviewed the Report and the relevant filings by the parties, the court finds no clear error and agrees with and **ADOPTS** the magistrate judge's Report (ECF No. 35), which is incorporated herein by reference. Accordingly, Defendants' motion to dismiss (ECF No. 29) is hereby **DENIED**.

**IT IS SO ORDERED.**

s/Timothy M. Cain

Anderson, South Carolina
Chief United States District Judge
April 14, 2026

3